IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

**Mark William Smith**

**PLAINTIFF,**

v.

**ELIZABETH J. SCHULLER,**

*et. al.,*

**DEFENDANTS.**

Case No. 3:26-CV-00606

**JUDGE JAMES R. KNEPP II**
**MAG. JUDGE DARRELL A. CLAY**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

FILED
SEP 14 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Now comes Plaintiff, Mark William Smith, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7.1, respectfully moves this Court for leave to file a Second Amended Complaint. Plaintiff has recently been provided previously undisclosed Brady material that necessitates his request.

For the reasons stated herein and addressed more specifically below, plaintiff respectfully requests this Court grant leave to file his Second Amended Complaint.

Dated this 14th day of September, 2026

AR: Mark-William: Smith

Mark William Smith

## MEMORANDUM IN SUPPORT

A copy of the proposed Second Amended Complaint is attached hereto as **Exhibit A.** In support of this Motion, Plaintiff states as follows:

### 1. Procedural Posture

This action commenced on March 13, 2026. Plaintiff subsequently filed a First Amended Complaint on March 18, 2026.. Defendants have not yet filed an Answer to the operative complaint, having instead served Plaintiff with a pre-answer motion.

### 2. Grounds for Amendment (Newly Discovered Brady Material)

Along with or immediately preceding the service of Defendants' pre-answer motion, Plaintiff was provided with critical, previously undisclosed Brady material. This evidence is highly relevant to the core factual allegations and legal claims in this matter and was entirely unavailable to Plaintiff when the prior pleadings were drafted.

### 3. Legal Standard Under Sixth Circuit Precedent

Federal Rule of Civil Procedure 15(a)(2) mandates that the Court "should freely give leave when justice so requires." The Sixth Circuit has firmly established that leave should be denied only upon a showing of "bad faith, dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 495 (6th Cir. 2011).

**4. Absence of Delay or Prejudice**

Plaintiff acts with utmost diligence. This Motion is brought promptly upon receipt of the undisclosed material. Because this case remains in its earliest stages—prior to an Answer being filed and before the commencement of formal discovery—granting this motion will cause no undue delay, nor will it result in any unfair prejudice to any of the named Defendants. Justice requires that Plaintiff be permitted to incorporate this relevant, newly revealed evidence into the pleadings.

5. Defendants were contacted and refused to grant permission for this request.

**WHEREFORE,** Plaintiff respectfully requests that this Court GRANT this Motion and permit Plaintiff to file the attached Proposed Second Amended Complaint (Exhibit A).

Dated this 14th day of September, 2026

A.K. Mark William: Smith

Mark William Smith