**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **MARK SMITH,**<br><br>Plaintiff,<br><br>v.<br><br>**ELIZABETH J. SCHULLER**, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00606<br><br>Judge James R. Knepp II |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

On August 14, 2026, Defendants Ryan Axle, Sean Walker, Marc Ruskey, Jacob Trejo, Edward Legg, Melissa K. Cotter, City of Napoleon and Henry County ("Defendants") filed a Motion to Dismiss Plaintiff's Amended Complaint ("Complaint") and a comprehensive supporting brief. The Motion to Dismiss was accompanied and supported by body camera video, courthouse security video, and a transcript of relevant court proceedings. The authenticity and accuracy of all these public records cannot be reasonably disputed and they are central to Plaintiff's claims. They corroborate the legal arguments contained in the supporting brief which demonstrate that none of Plaintiff's clams can or should survive to the discovery phase.

Under Local Rule 7.1(d), Plaintiff was required to file a memorandum opposing dismissal within 30 days, or by September 13, 2026. He did not. Instead, on September 14, 2026, he filed the Motion for Leave to file the Second Amended Complaint. The Motion for Leave should be denied, and Defendants Motion to Dismiss – which now stands unopposed – should be granted.

Leave to amend may be denied when there is bad faith by the movant, undue prejudice to the opposing party, or "futility of amendment," among other reasons. *Ahmed v. Hamtramck Pub. Schs.*, 178 F.4th 975, 981 (6th Cir. 2026); *Foman v. Davis*, 371 U.S. 178, 182 (1962). The proposed Second Amended Complaint does not include changes in the identification of the parties, nor in the claims for relief. No new legal or factual theories are identified. Rather, the changes in the proposed Second Amended Complaint consist largely of statements about what the video evidence shows, advocacy or arguments about that evidence, or legal conclusions. These are no significant new allegations of fact or law in the proposed Second Amended Complaint. The proposed changes can be best described as consisting of Plaintiff's reactions to the Motion to Dismiss and to the public records accompanying it. The changes in the proposed Second Amended Complaint do not cure any of the factual and legal deficiencies which require dismissal of the operative version of the Complaint now on file.

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) (citation omitted); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Allowing the amended complaint would be futile because Plaintiff's proposed Second Amended complaint retains the same factual bases for his claims, and the maintains the same claims for relief asserted against the same Defendants. If the Second Amended Complaint was filed, it would simply provoke a nearly identical Rule 12 motion which, for the same reasons asserted in the pending Motion to Dismiss, will require dismissal of this case before the discovery process even commences.

It is apparent that having now had the opportunity to view the video evidence which undercuts Plaintiff's descriptions of the relevant events and having also been informed in

Defendant's brief of the wide-ranging legal arguments which mandate dismissal of every single claim in Plaintiff's current Complaint, Plaintiff cannot effectively respond to the Motion to Dismiss. Plaintiff's failure to timely file a brief in opposition to the Motion to Dismiss is an admission of that fact. When a motion to amend is simply a "tactic to avoid dismissal, a district court does not abuse its discretion in denying it." *Lea v. USDA*, Nos. 13-5969, 13-6191, 2014 U.S. App. LEXIS 24835, at *12 (6th Cir. June 4, 2014).

The Sixth Circuit has upheld a District Court's denial of a motion for leave to amend when the defendant has a dispositive motion pending. See e.g. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458-59 (6th Cir. 2013) (affirming denial of leave to amend when a motion to dismiss was briefed, noting that allowing amendment would encourage delay and bad faith and "prejudice defendants who would have wasted time and expense attacking a hypothetical complaint"); *Hiller v. HSBC Fin. Corp*., 589 F. App'x 320, 321 (6th Cir. 2015) (upholding denial of a motion seeking leave to amend when cross motions for judgment on the pleadings were pending). Granting leave to amend here would, likewise, unfairly prejudice the Defendants who would be required to again spend time and money preparing a second dispositive motion.

Plaintiff says that leave should be granted because he has now been provided "critical, undisclosed *Brady* material" which is "highly relevant," and which was "entirely unavailable" to Plaintiff when the prior pleadings were drafted. This description is flawed. *Brady* materials are favorable exculpatory, impeachment or mitigating evidence which a prosecutor must disclose to a criminal defendant because they may bear upon the defendant's criminal guilt or innocence. But this is not a criminal prosecution. The materials in question were filed by a civil defense attorney *to disprove* plaintiff's claims for monetary recovery in a civil action. They were not disclosed by a prosecutor discharging a constitutional duty to protect a criminal defendant's due

process rights in a criminal proceeding seeking *to prove* a defendant's criminal culpability. Plaintiff's claim that the case involves Brady materials illustrates the inaccuracies which infect *pro se* filings, a problem made worse when a party not represented by attorney tries to cut and paste AI generated content into a court filing.

Defendants agree the materials are "highly relevant," -- but that is because they visually negate Plaintiff's allegations and belief that some unconstitutional or illegal conduct was committed by one or more of the Defendants. Plaintiff has no identified specific content within the video evidence which has altered his understanding of what actually happened, or which reveals any new, previously unknown wrongful act or potential legal claim. It is also quite wrong to claim the materials were previously unavailable, or that this should make a difference as to whether leave to amend should be granted. Plaintiff could have obtained the videos by making a public records request. He was in a physical position to see the cameras at the roadside and in the courthouse and easily could have sought them as part of his own pre-filing due diligence, which apparently did not occur. That aside, Plaintiff now has the evidentiary materials in hand. Yet he cannot, and has not, explained what specific content within the videos mandates the filing of a Second Amended Complaint. Simply put, Plaintiff's reference to the fact that he only recently obtained and viewed the videos is irrelevant to the question of amendment, because the proposed Second Amended Complaint makes no new claim, based on that video evidence.

The proper response for Plaintiff to the introduction of the video evidence was to explain in a timely-filed Opposition Memorandum how those materials support his existing claims. Alternatively, Plaintiff could have filed a motion seeking to have the court treat the Rule 12 motion as a motion under Rule 56. *See* Fed. Civ. Rule 12 (d). But even then, Plaintiff ultimately would still have been required to meet the existing Motion to Dismiss with legal arguments and

authorities demonstrating the existence of a valid claim for relief. Conversely, the proper response certainly was not to try to buy time to avoid inevitable dismissal by seeking leave to file a Second Amended Complaint which is not materially different than the current one, and which fails to assert additional or different claims since none apparently were revealed by the video evidence.

For all these reasons, Defendants ask the Court to deny Plaintiff's Motion for Leave to Amend on the grounds that it is futile, prejudicial, and in light of these circumstances, filed in a bad faith effort to avoid a timely resolution of the Motion to Dismiss.

Respectfully submitted,

*/s/ Teresa L. Grigsby*

Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, OH 43604
Telephone: (419) 241-2201
Facsimile: (419) 241-8599
tgrigsby@snlaw.com
jmchugh@snlaw.com

*Attorneys for Defendants Ryan Axle, Sean Walker, Marc Ruskey, Jacob Trejo, Edward Legg, Melissa K. Cotter, City of Napoleon and Henry County*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September 2026, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Teresa L. Grigsby*

Teresa L. Grigsby