UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARK SMITH, | : | Case No. 3:26-CV-606 |
| Plaintiff, | : | JUDGE JAMES R. KNEPP II |
| v. | : | MAGISTRATE JUDGE DARRELL A. CLAY |
| HON. ELIZABETH SCHULLER, et al., | : | **DEFENDANT ELIZABETH SCHULLER'S MEMORNADUM IN OPPOSITION TO PLANTIFF'S MOTION TO AMEND COMPLAINT** |
| Defendants. | : | |

Although Fed. R. Civ. Pro. 15 provides that leave to amend a pleading should be given "when justice so requires," such leave "may be denied when the proposed amendment would be futile." *Arora v. Henry Ford Health Sys.*, 2018 U.S. App. LEXIS 18712, *14 (6th Cir. 2018)(*jnternal quotation and citation omitted)*; *see also Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile.") As stated by the Sixth Circuit Court of Appeals, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also JGMM Realty, LLC v. LNR Partners, LLC*, 701 Fed. Appx. 465, 471 (6th Cir. 2017)("An amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).")

This Court should deny plaintiff Mark Smith's Motion for Leave because the proposed changes set forth in the proposed Amended Complaint – like the Complaint before it – would not survive a motion to dismiss.

Smith's proposed Amended Complaint, though differing slightly in style and breadth, addresses the same underlying factual scenario and makes the same requests for relief as the Complaint. While Smith argues he was recently provided "critical, undisclosed Brady material" which is "highly relevant" to his claims, but this allegeded material does not remedy the deficiency of his claims against Judge Schuller.

Judge Schuller's Memorandum in Support of the Motion to Dismiss (Doc. 10-1) addressed in depth why Smith's initial Complaint failed to state any claims against her and should be dismissed. Specifically, Smith's claims should be dismissed because: (1) the *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over any state court judgments Fontain may be attempting to appeal; (2) judicial immunity bars Smith's claims for monetary and injunctive relief; (3) Smith is not entitled to declaratory relief against Judge Schuller; and (4) Judge Schuller is entitled to Eleventh Amendment Sovereign Immunity for any official capacity claims.

The proposed Amended Complaint does not provide any additional allegations that would overcome the defenses raised in Judge Schuller's Motion to Dismiss. Instead, as to Judge Schuller, he adds legal conclusions that her actions were "non-judicial" and that she is not entitled to judicial immunity because "she conspired with her deputy to arrest him and detain to assert authority and intimidate the Plaintiff. This act is a not a judicial function but an exercise of arrest constituting an executive function." Doc. 19-1, PageID#: 245, ¶ 79.

However, as set forth in the Motion to Dismiss, "[i]ssuing an arrest warrant is a judicial act." *Norfleet v. Renner*, 924 F.3d 317, 320 (6th Cir. 2019); *see also DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) ("[i]t is well-settled in this Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes");

*Jones v. Fridell*, 2026 U.S. Dist. LEXIS 53332, *6 (N.D. Ohio March 16, 2026) (accord). Likewise, Ohio law provides judges with authority to control their courtrooms. *See, King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985) ("[J]ailing persons for contempt of court is a function normally performed by judges. . . ."); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) ("A judge acts in his judicial capacity when he exercises control over his courtroom.").

Smith's Amended Complaint provides no additional factual or legal support that Judge Schuller was acting in any capacity other than her judicial capacity, and his allegation that she was actually exercising an "executive function" is nothing more than a legal conclusion this Court need not accept as true and is directly contradicted by the law. *See, Stockdale v. Skymount Prop. Grp., LLC*, 825 F. Supp. 3d 622 (N.D. Ohio 2026) (internal citations omitted) ("The Court is not required to accept as true legal conclusions or unwarranted factual inferences").

Thus, as the proposed Amended Complaint merely expands upon the same factual scenario and claims, it too would not survive a Civ. R. 12(b)(6) motion as to Judge Schuller and is therefore futile. Therefore, Judge Elizabeth Schuller respectfully asks this Court to deny Smith's Motion for Leave to File an Amended Complaint.

Respectfully submitted,

MONTGOMERY JONSON LLP

***/s/ Cooper D. Bowen***
COOPER D. BOWEN (0093054)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
cbowen@mojolaw.com / 513.768.5242
*Counsel for Defendant Judge Elizabeth Schuller*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that the foregoing was served by electronic and Ordinary U.S. Mail upon the following:

Mark Smith
11028 US 20
Lyons, OH 43533
marksvfg@gmail.com
*Plaintiff*

***/s/ Cooper D. Bowen***
COOPER D. BOWEN (0093054)