**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

FILED
SEP 24 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

**MARK SMITH**

**PLAINTIFF,**

v.

**ELIZABETH J. SCHULLER,** *et. al.,*

**DEFENDANTS.**

Case No. 3:26-cv-00606

**JUDGE JAMES R. KNEPP II**
**MAG. JUDGE DARRELL A. CLAY**

**RESPONSE TO DEFENDANTS MOTION IN OPPOSITION**

---

Mark William Smith
13663 County Road 10
Delta, OH 43515
567-454-2566
marksvfg@gmail.com

Plaintiff

Teresa L. Grigsby
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604
tgrigsby@snlaw.com

Jennifer McHugh
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604
jMcHugh@snlaw.com

Cooper Bowen
Montgomery Jonson
600 Vine Street, Ste. 2650
Cincinnati, Ohio 45202
cbowen@mojolaw.com

Counsel for Defendants

Now comes Plaintiff, Mark William Smith, and hereby requests the Court grant his motion for leave to file his second amended complaint.

Plaintiff's Second Amended Complaint was timely pursuant to Local R. 7.1 which provides 30 days to respond to dispositive motions FRCP 6(d): "...when service is made under Rule 5(b)(2)(C)...3 days are added after the period would otherwise expire under Rule 6(a)." Any argument to the contrary is simply disingenuous.

Plaintiff has easily established and pleaded the requirements to establish relief against all defendants. Any defendant claiming futility is simply desperately hoping that a pro se party can not win in a court of law. But, title 42 Section 1983 was not written to protect wrongdoers acting under color of law, quite the opposite.

For the reasons required by a plain textual reading contained in the Constitution and supported by case law for each of Plaintiff's causes of action, and for the reasons stated herein and more particularly described in the memorandum attached hereto.

Plaintiff moves this Court for an Order granting Plaintiff's request for relief.

Respectfully submitted,

**/s/ Mark William Smith**

Mark William Smith
13663 County Road 10
Delta, OH 43515
567-454-2566
marksvfg@gmail.com

*"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,* ***shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation****, and particularly describing the place to be searched, and the persons or things to be seized."*

Docket Entries: CRA2400102A

**03/18/2024**

- WARRANT WAS ISSUED FOR DEFENDANT FOR ENSURE APPEARANCE
- WARRANT WAS RECALLED
- ARREST WARRANT EXECUTED/COMPLAINT SERVED BY HCSO - SF $69

**PLAINTIFF'S REPLY IN SUPPORT OF HIS**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Mark Smith respectfully replies to Defendants' Memoranda in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint. Defendants contend that Plaintiff's proposed amendment is "futile" under Federal Rule of Civil Procedure 12(b)(6), shielding themselves behind absolute judicial immunity, qualified immunity, and assertions of legal regularity.

However, the Defendants' futility arguments rely on a manufactured post-facto

narrative that is completely shattered by the chronological timeline of their own certified records and exhibits (Exhibits A–D). The objective records establish that the Second Amended Complaint is far from futile; it alleges viable, record-backed constitutional claims under 42 U.S.C. § 1983 that easily satisfy federal pleading standards.

## I. THE DEFENDANTS' OWN DOCUMENTS PROVE THE CHRONOLOGICAL IMPOSSIBILITY OF THE "DIRECT CONTEMPT" DEFENSE

To assert absolute immunity or legal justification, Defendants rely on a transcript entry alleging summary courtroom contempt. Yet, their own documents expose a severe constitutional violation and a coordinated cover-up.

### A. Examination of the certified timelines reveals a chronological impossibility:

1. **The Arrest Record**: The Corrections Center of Northwest Ohio (CCNO) Certificate of Arrest and Custody proves that Officer Jacob Trejo (Napoleon PD Badge #116) physically arrested and booked Plaintiff on March 18, 2024, at 13:19 (1:19 P.M.) on a designated charge of "Warrant - other agency."
2. **The Delayed Court Recording:** The certified transcript from the Napoleon Municipal Court shows that the court went "OFF RECORD AT 10:54 A.M." and did not return "BACK ON RECORD AT 2:40 P.M."

Plaintiff was already transported to the hospital, discharged, taken to CCNO, and booked inside a jail cell before Judge Schuller ever returned to the bench to utter the

words: ***"Therefore, the Court does find the defendant in direct contempt and orders him to be taken into custody."***

A judge cannot retroactively invoke "direct summary contempt" to cure an illegal, warrantless arrest executed hours prior by law enforcement.

A judge is stripped of her protection when she is not in a judicial role- acting as a witness or acting to cover up unlawful acts while under color of law is not a protected judicial act.

## II. THE PROPOSED AMENDMENT ALLEGES A PRIMA FACIE FOURTH AMENDMENT SEIZURE VIOLATION BASED ON UNLAWFULLY EXTENDED TRAFFIC STOP DURATION

The newly disclosed Body-Worn Camera (BWC) evidence confirms a distinct, self-contained Fourth Amendment violation at the inception of this encounter. The record reveals that the initial traffic stop was unlawfully prolonged for 54 minutes, during which the officer explicitly stated on video that he wanted to take the Plaintiff into custody and arrest him. The officer's supervisor, acknowledging a lack of legal cause to arrest, explicitly instructed the officer to simply cite and summons the Plaintiff. A 54-minute traffic stop constitutes an unconstitutional seizure if the officer extends the stop beyond the time reasonably required to handle the traffic violation.

Under the landmark ruling in Rodriguez v. United States, 575 U.S. 348 (2015), a traffic stop becomes an unlawful seizure the moment it is prolonged beyond the time

reasonably necessary to complete its narrow "mission" (e.g., checking driver's licenses, vehicle registration, and issuing a ticket or warning). The Supreme Court made it clear that police cannot detour from the traffic mission to conduct unrelated inquiries unless they possess independent, articulable reasonable suspicion.

Similarly, in Illinois v. Caballes, 543 U.S. 405 (2005), the Court reaffirmed that a traffic stop that is lawful at its inception can violate the Fourth Amendment if it is "prolonged beyond the time reasonably required to complete that mission." Here, holding Plaintiff roadside for nearly an hour on routine traffic matters—solely to fish for an arrest justification—states an unassailable Fourth Amendment claim that completely defeats any assertion of futility.

In the stop, Deputy Axle is heard placing phone calls to various persons not related to the traffic stop. Specifically he contracts Smith's wife on two occasions inquiring into his native American heritage and to target Smith based upon his protected affiliation. Deputy Axle's statements and criticism is discriminatory and unconstitutional. Deputy Axle's fishing expedition is the sole reason for the extended stop and is facially unconstitutional. This behavior strips immunity from any officer and binds the county for his conduct pursuant to Monell. Smith has met his burden and a jury will decide damages.

## III. INDIVIDUAL LAW ENFORCEMENT DEFENDANTS ARE LIABLE UNDER § 1983 FOR THE FABRICATION OF EVIDENCE AND THE ONGOING CONCEALMENT OF CRITICAL EVIDENCE

Rather than abiding by the supervisor's roadside instruction to merely summons the Plaintiff, the Deputy Axle subsequently arrived at court over three hours before his proceedings to carry out and execute an arrest based upon fabricated evidence. The critical BWC footage documenting the true timeline and the supervisor's directives was suppressed throughout the underlying criminal proceeding, only to be turned over years later during this § 1983 civil rights lawsuit as an attachment to Defendants' Motion to Dismiss.

When a prosecutor or police officer withholds exculpatory evidence during the underlying criminal case but provides it years later during a civil rights lawsuit, it forms the basis of a compensable constitutional violation. Under Brady v. Maryland, 373 U.S. 83 (1963), the government violates Due Process when it suppresses material, exculpatory evidence favorable to an accused.

Furthermore, Kyles v. Whitley, 514 U.S. 419 (1995) clarifies that the Brady obligation applies to the entire prosecution team. A police officer is held liable under 42 U.S.C. § 1983 if they intentionally or inadvertently suppress exculpatory evidence by failing to turn it over to the prosecutor. Because the individual officers falsified evidence, executed a warrantless arrest, and suppressed the exculpatory BWC footage to cover up the illegality of the 54-minute detention, Plaintiff's claims are legally viable and survive

any assertion of qualified immunity.

## IV. OPPOSING COUNSEL'S INSTITUTIONAL CONFLICTS AND CONTINUED SUPPRESSION OF EVIDENCE DEFEAT THE FUTILITY ARGUMENT

The futility of Defendants' opposition is further exposed by the severe tactical and ethical conflicts embedded in their defense.

Opposing counsel, who currently represents all municipal and law enforcement defendants (except Judge Elizabeth Schuller), has an established history of defending systemic municipal misconduct in this exact jurisdiction.

Counsel previously represented the City of Napoleon as lead defense counsel before the Supreme Court of the United States in Chiaverini v. City of Napoleon, 602 U.S. 348 (2024)—a case centrally involving the fabrication of criminal charges and malicious police seizures.

In the present action, counsel continues this institutional pattern by actively suppressing and failing to turn over the individual BWC footage of all participating law enforcement defendants.

Most glaringly, despite asserting that Plaintiff was legally seized pursuant to an active warrant, Defendants have completely failed to produce a physical or digital copy of any valid arrest warrant.

Without a sworn complaint, affidavit, or physical warrant document in the record, there can be no showing of probable cause to support the seizure. This failure to supply

primary Brady material demonstrates that no valid warrant existed.

Counsel's dual representation of multiple officers and municipal entities under these circumstances highlights a clear, unyielding conflict of interest, as individual officers are being deployed to shield systemic municipal failures and a fraudulent docketing system.

## V. THE AMENDMENT IS NOT FUTILE BECAUSE JUDGE SCHULLER ACTED IN THE "COMPLETE ABSENCE OF ALL JURISDICTION" TO SANITIZE AN ILLEGAL ENFORCEMENT ACT

Defendants argue that Judge Schuller's actions are insulated by judicial immunity. However, Sixth Circuit precedent strips a judicial officer of immunity when they act in the "complete absence of all jurisdiction" or engage in non-judicial, administrative enforcement behavior.

The proposed complaint properly alleges that after learning Plaintiff had been taken into custody via a fraudulent warrant tracking path (Case No. CRB2400103A, noting a groundless warrant issued to "Ensure Appearance" and then instantly "Recalled"), **Judge Schuller initiated an executive cover-up:**

She stepped outside her judicial role to contact the prosecutor directly to coordinate actions following the unauthorized arrest.

She reconvened court at 2:40 P.M. solely to falsify a retroactive justification for a completed seizure.

On March 19, 2024, she conducted a sham "hearing" completely absent jurisdiction, denying all basic procedural due process rights while acting as the primary complaining witness to the underlying events.

Because Judge Schuller acted as an investigator, prosecuting witness, and administrative director to cover up a false arrest, her actions were completely non-judicial and executed in the absolute absence of jurisdiction.

## VI. THE AMENDMENT STATES VALID MONELL AND INDIVIDUAL CLAIMS AGAINST THE CLERK AND COURT STAFF FOR SYSTEMIC COVER-UP AND CUSTOMARY FRAUD

Defendants claim that the Court Clerk and individual staff are insulated from liability. Yet, the electronic docket entries for Case No. TRD2400394 and CRB2400103A document functional fraud. Court staff actively recorded a fraudulent criminal case file that did not exist on the morning of March 18, 2024, altering docket ledgers to match the shifting post-facto rationales of the bench. Furthermore, while the Court Reporter certified that a transcript was produced from an "original digital recording," the raw digital audio of the actual courtroom encounter has vanished.

The intentional manipulation of court dockets and the systematic suppression of primary audio evidence to preserve an illegal arrest constitute independent Fourteenth Amendment due process and First Amendment access-to-courts violations under § 1983.

## VII. THE AMENDMENT VIABLY ALLEGES MONELL LIABILITY BASED UPON DE FACTO CUSTOMS AND AN ADMITTED LACK OF TRAINING

Defendants argue that Plaintiff fails to state a Monell claim for municipal liability. To the contrary, Plaintiff's amendment targets an institutional breakdown. Defendant Sean Walker's own employment records and admissions demonstrate a self-proclaimed "appetite for enforcement." Walker openly documents an administrative practice of drafting, preparing, and managing legal instruments and court calendars without formal legal training or proper oversight.

When a municipality permits unrepresented, untrained bailiffs and administrative personnel to draft instruments of incarceration and execute seizures outside established statutory boundaries, it establishes a persistent, widespread custom. This constitutes a deliberate indifference to the constitutional rights of citizens, directly fulfilling the pleading standards for a Monell claim for failure to train and supervise.

## CONCLUSION

Defendants' assertions of futility are entirely contradicted by the timing, text, and signatures on their own certified documents, the ongoing suppression of the alleged warrant, and binding Supreme Court precedent governing traffic seizures and evidence suppression. Because the proposed Second Amended Complaint sets forth concrete, record-supported claims for catastrophic violations of the Fourth and Fourteenth

Amendments, amendment is highly meritorious. Plaintiff respectfully requests that the Court grant Leave to File the Second Amended Complaint.

Respectfully submitted,

**/s/ Mark William Smith**

Mark William Smith
13663 County Road 10
Delta, OH 43515
567-454-2566
marksvfg@gmail.com